William D. Hyslop
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAZZLYNN JOHNSON,<br>BRYON TELLIER, and<br>STEPHEN JOHNSON<br><br>Defendants. | 2:20-CR-53-WFN<br><br>INDICTMENT<br><br>Vio: 18 U.S.C. §§ 471, 2<br>Manufacture Counterfeit<br>Obligations and Securities of<br>United States<br>(Count 1)<br><br>18 U.S.C. §§ 472, 2<br>Uttering Counterfeit<br>Obligations and Securities of<br>United States<br>(Count 2)<br><br>Forfeiture Allegations<br>18 U.S.C. § 982(a)(2)(B),<br>18 U.S.C. § 492, and<br>28 U.S.C. § 2461(c) |

The Grand Jury charges:

## COUNT 1

Beginning on a date unknown, but by on or about March 29, 2020, and continuing until on or about April 7, 2020, in the Eastern District of Washington, the Defendants, JAZZLYNN JOHNSON, BRYON TELLIER, and STEPHEN

INDICTMENT – 1

JOHNSON, with the intent to defraud, did falsely make, forge, and counterfeit $100 denomination Federal Reserve Notes, bearing serial numbers: EC90304318C, GS19710326Y, GS21739318Y, GS81739878Y, IL71282013Y, GS21739312Y, EC20104346C, IL70182067Y, EC9930444311C, GS77710029Y, IL08882013Y, GS51710011Y, GS51710016Y, and RD38359900M; in violation of 18 U.S.C. §§ 471, 2.

## COUNT 2

On or about April 7, 2020, in the Eastern District of Washington, the Defendants, JAZZLYNN JOHNSON and BRYON TELLIER, with the intent to defraud, did pass and utter to an employee of Rite-Aid, 12222 E. Sprague, Spokane Valley, Washington, a falsely made, forged and counterfeited $100 Federal Reserve Note bearing serial number: IL0328205Y, which each of the Defendants then knew to be falsely made, forged and counterfeited, in violation of 18 U.S.C. §§ 472, 2.

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 982(a)(2)(B), upon conviction of an offense in violation of 18 U.S.C. §§ 471, 472, and 2, as set forth in Count 1 and Count 2 of the Indictment, the Defendants, JAZZLYNN JOHNSON, BRYON TELLIER, and STEPHEN JOHNSON, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation.

If any of the property described above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

Pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c) upon conviction of an offense in violation of 18 U.S.C. §§ 471, 472, and 2, as set forth in Count 1 and Count 2 of the Indictment, the Defendants, JAZZLYNN JOHNSON, BRYON TELLIER, and STEPHEN JOHNSON, shall forfeit to the United States of America all counterfeits of any coins or obligations or other securities of the United States or of any foreign government; any articles, devices, and other things made, possessed, or used in violation of 18 U.S.C. §§ 471, 472; and, any material or apparatus used or fitted, or intended to be used, in the making of such counterfeits, articles, devices, or things, found in the possession of the Defendants without proper authority. The property to be forfeited, includes but is not limited to, the following listed assets:

a. HP Office Jet 4650 Printer, S/N TH75KD2G9, no power cable;

b. Black ZTE cellphone with smashed screen, no power cable;

c. Blue BNY 16 GB Thumbdrive;

d. Black Cruzer 8 GB Thumbdrive;

e. Black HP Office Jet 200 Mobile Printer, S/N HQ-TRE 71025;

f. Black metal credit card punch machine with red handle; and,

g. Silver Central Machinery Ultrasonic Cleaner machine, serial number 374051847.

If any of the property described above, as a result of any act or omission of the Defendants:

INDICTMENT – 3

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c). All pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c).

DATED this 2 day of June, 2020.

A TRUE BILL

_____
Foreperson

_____
William D. Hyslop
United States Attorney

_____
Patrick J. Cashman
Assistant United States Attorney

INDICTMENT – 4